**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AUGUSTUS SIMMONS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-6030** |
| | : | |
| **THOMAS C. BRANCA,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                          **December 3, 2020**

Augustus Simmons pled guilty to conspiracy to commit murder, arson, and related offenses before the Honorable Thomas Branca on March 8, 2012.[1] Judge Branca imposed an agreed-upon sentence of twenty-five to fifty years imprisonment.[2]  Over eight years later and without a court invalidating this judgment after several attempts, he now *pro se* alleges Judge Branca, District Attorney Risa Vetri Ferman (now a state court judge), Assistant District Attorney John Gradel, private attorney Paul Bauer II, and public defenders Cathy Fortune and Timothy Peter Wile violated his constitutional rights related to his 2012 guilty plea.[3]   He seeks to proceed without paying the filing fees.  We grant him leave to proceed without paying the fees based on his sworn prisoner statement but dismiss his claims as lacking merit.

Mr. Simmons did not appeal his 2012 conviction or move for post-sentence relief.[4]  On January 2, 2013, he timely petitioned under Pennsylvania's Post Conviction Relief Act arguing ineffective assistance of his trial counsel.[5]  The Court of Common Pleas dismissed Mr. Simmons' petition, and the Pennsylvania Superior Court affirmed the dismissal on June 11, 2015.[6] The Pennsylvania Supreme Court denied his petition for appeal.[7]

Mr. Simmons then petitioned again for post-conviction relief.[8]  The Court of Common Pleas dismissed the second petition as untimely on February 12, 2016 and the Superior Court affirmed.[9] Mr. Simmons then *pro se* petitioned for a writ of habeas corpus.[10] Judge Pappert

dismissed his *habeas* petition as untimely on November 30, 2018.[11]  Mr. Simmons petitioned for post-conviction relief a third time on September 10, 2019 alleging newly discovered evidence.[12] The Court of Common Pleas noticed its intent to dismiss because Mr. Simmons failed to attach the newly discovered evidence.[13]

I.    **Analysis**

A.    **Mr. Simmons may proceed *in forma pauperis*.**

Mr. Simmons seeks leave to proceed without paying the required filing fees. Following review of his sworn statement including his lack of assets while incarcerated and confirming he is not barred from proceeding *in forma pauperis* under section 1915, we grant him leave to proceed *in forma pauperis*.

Congress directs we dismiss a claim filed without paying fees which we find frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[14] We may dismiss a claim when the claim is legally or factually frivolous.[15] A claim is legally frivolous "where '[none] of the legal points [are] arguable on their merits."[16] A claim is factually frivolous "where the claim's 'factual contentions are clearly baseless.'"[17]

When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[18] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] A claim which "offers 'labels and conclusions or 'a formulaic recitation of the elements of a cause of action will not do.'"[21] We are "mindful of our 'obligation

to liberally construe a *pro se* litigant's pleadings . . . '"[22]  "*Pro se* litigants still must allege sufficient facts in their complaints to support a claim."[23]

**B.      Mr. Simmons civil rights claims are meritless.**

Mr. Simmons now seeks: (1) a declaratory judgment stating "the acts and omissions described" violated his constitutional rights; (2) "a preliminary and permanent injunction . . . to cease the false application of [his] illegal sentence"; (3) compensatory damages; (4) punitive damages; (5) restitution of funds illegally seized; (6) withdrawal of his guilty plea; (7) a jury trial; (8) recovery of costs for his suit; and (9) any additional relief the court deems proper.[24]

Mr. Simmons's claims lack merit. Mr. Simmons's claims are barred by the *Heck* doctrine. He seeks to obtain relief from parties immune from liability or who are not state actors. And his civil rights claims are not ripe since he has not succeeded in persuading a court to invalidate his 2012 conviction based on his guilty plea.

**1.      Mr. Simmons' claims are barred by the *Heck* doctrine.**

Mr. Simmons purports to state a claim against Judge Branca, District Attorney Risa Vetri Ferman, Assistant District Attorney John Gradel, private attorney Paul Bauer II, and public defenders Cathy Fortune and Timothy Peter Wile for alleged constitutional violations relating to his representation, prosecution, and conviction.  Mr. Simmons seeks a declaratory judgment, preliminary injunction, and monetary relief under section 1983; most notably, he asks for a withdrawal of his guilty plea and to vacate his alleged illegal sentence.

In *Heck v. Humphrey*, the Supreme Court held to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983."[25]

Under the *Heck* doctrine, the Supreme Court directs we consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if unsuccessful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."[26]

Mr. Simmons's claims are barred by *Heck*.  Success on them would necessarily imply the invalidity of his conviction, which has not been invalidated.  He has been unsuccessful in his multiple attempts at post-conviction relief. Even if Mr. Simmons could amend his complaint, he could not now allege a favorable termination because his conviction or sentence has not been invalidated.  We dismiss Mr. Simmons's complaint.

### 2. Defendants are either immune or not state actors subject to civil rights liability.

#### a. Judge Branca is immune from civil rights liability.

Mr. Simmons alleges Judge Branca violated his constitutional right to due process by accepting an illegal sentence and failing to advise him of his "direct appeal rights."[27] "It is well-settled that a judge is immune from suit for monetary damages arising from judicial acts, unless those actions are 'taken in the complete absence of all jurisdiction.'"[28] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in

excess of his authority."[29] To the extent a plaintiff seeks injunctive relief, it "shall not be granted in a § 1983 action against a state or federal judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."[30] Mr. Simmons seeks relief for Judge Branca's alleged failure to advise him of the direct appeal process and accepting his "illegal sentence."  Because Judge Branca is immune from civil rights liability for acts taken in his capacity as a judicial officer, we dismiss Mr. Simmons's claims against him.

> **b.    District Attorneys Risa Vetri Ferman and John Gradel are immune from civil rights liability.**

Mr. Simmons claims District Attorney Risa Vetri Ferman (now Judge Ferman) and Assistant District Attorney John Gradel violated his constitutional rights by failing to provide him with adequate due process when they allegedly "conspired with the court and altered transcript[s] recorded by the court."[31] Although our Court of Appeals instructs a prosecutor is not absolutely immune from suit under section 1983 with respect to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings, prosecutors enjoy absolute immunity for their conduct within the scope of prosecutorial duties.[32]  Prosecutorial duties include "initiating a prosecution and [] presenting the State's case."[33] Mr. Simmons alleges the district attorneys did not advise him of his constitutional rights and somehow blocked his access to the court by filing briefs.[34] The conduct Mr. Simmons cites in his civil rights claim against the district attorneys falls within their prosecutorial duties.  The district attorneys are immune from Mr. Simmons's civil rights claims.

c.    **The public defenders and private attorney representing Mr. Simmons are not state actors.**

Mr. Simmons alleges the attorneys who represented him, public defenders Cathy Fortune and Timothy Wiles and private attorney Paul Bauer II provided inadequate representation by failing to challenge the illegality of his sentence or application of fines and costs.[35]  He alleges the public defenders failed to respond to court orders or contact him about his case.[36]  "Public defenders performing the traditional functions of representing an indigent criminal defendant do not act under color of state law and cannot be liable under civil rights liability."[37]  Because public defenders are not state actors within the meaning of section 1983, we dismiss Mr. Simmons's claims against public defenders Cathy Fortune and Timothy Wiles.[38]

Mr. Simmons claims Attorney Bauer provided inadequate representation by failing to advise him of his "constitutional right of post-sentencing appeals."[39]  Private attorneys, including those appointed and paid for by the state, "do not act under color of state law when performing their function as counsel."[40]  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."[41] Mr. Simmons does not identify some action in Attorney Bauer's role as an attorney which is "fairly attributable" to the state.[42]  Because "there is no liability under § 1983 for those not acting under color of law," Mr. Simmons cannot bring a civil rights claim against Attorney Bauer.

3.    **Mr. Simmons's civil rights claim has not accrued because a court has not invalidated his conviction.**

Mr. Simmons seeks relief over eight years after the alleged conduct. The statute of limitations for section 1983 actions is governed by state tort law.[43]  In Pennsylvania, state tort law provides a two-year statute of limitations.[44]   The Supreme Court in *Heck* held when "state prisoners [are] attacking the validity of the fact or length of their confinement" the appropriate

remedy is through "a pursuit of a habeas corpus petition, a course of action that must be completed successfully before a prisoner can seek relief pursuant to § 1983."[45] Stated plainly, "[a] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[46]

As in the *Heck* doctrine analysis, Mr. Simmons's civil rights claims ask us to withdraw his plea and vacate his sentence; relief which, if granted, would necessarily imply the invalidity of his conviction and sentence.  Mr. Simmons has been unsuccessful in his multiple attempts to invalidate his conviction which precludes us from considering his civil rights claims.  We dismiss his complaint because Mr. Simmons's civil rights claims do not accrue until a court has invalidated his conviction,

## II.    Conclusion

Mr. Simmons may proceed *in forma pauperis.*  But we dismiss his civil rights claims because he seeks monetary relief against persons immune from such relief and he failed to state a claim upon which relief can be granted.  He is barred under the *Heck* doctrine, cannot proceed against immune parties, and his claim has not yet accrued.   Amendment is futile and we dismiss with prejudice.

---

[1] ECF Doc. No. 2  ¶ 13.

[2] *Id.* ¶ 13.

[3] *Id.* ¶ 10.

[4] *Id.* ¶ 14.

[5] *Id.*  ¶15.  He makes the same argument in this case.

[6] *Id.*

[7] *Id.* ¶ 16; *Commw. v. Simmons*, 125 A.3d 1201 (Pa. 2015).

[8] *Id.*

[9] *Id.*; *Commw. v. Simmons*, No. 675 EDA 2016, 2017 WL 177739, at *1 (Pa. Super. Ct. Jan. 17, 2017).

[10] *Simmons v. Wetzel*, No. 17-3704, 2018 WL 6308732, at *1 (E.D. Pa. Nov. 30, 2018).

[11] *Id.*

[12] ECF Doc. No. 2 ¶ 17.

[13] *Id.* Mr. Simmons neither pleads the present status of this petition nor offers the docket number to allow our review of the public docket.

[14] 28 U.S.C. § 1915(e)(2)(B).

[15] *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *1 (D.N.J. June 6, 2019) (citations omitted).

[16] *Id*.

[17] *Id*.

[18] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[19] *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc*., 653 F.3d 225, 230 (3d Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

[20] *Iqbal*, 556 U.S. at 663.

[21] *Id.* at 677 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[22] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, at * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Atty. Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

[23] *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013).

[24] ECF Doc. No. 2 ¶¶ 73-81.

[25] 512 U.S. 477, 487 (1994).

[26] *Id.* at 487 (emphasis in original) (footnote omitted).

[27] ECF Doc. No. 2 at 18.

[28] *Little v. Hammond*, 744 F. App'x 748, 750 (3d Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).

[29] *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

[30] *Id.* at 751 (quoting *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006)).

[31] ECF Doc. No. 2 at 19.

[32] *Sheffer v. Ctr. Cty.*, 818 F. App'x 160, 162 (3d Cir. 2020) (citing *Yarris v. Cty. of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006)).

[33] *Yarris*, 465 F.3d at 135 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

[34] ECF Doc. No. 2  ¶ 22.

[35] *Id* ¶ 29.

[36] *Id.*

[37] *Clark v. Vernon*, 228 F. App'x 128, 131 (3d Cir. 2007) (citing *Polk County v. Dodson*, 454, U.S. 312, 325 (1981)).

[38] *Vazquez v. Dwyer*, 377 F. App'x 225, 226 (3d Cir. 2010) (citing *Polk County*, 454 U.S. at 312).

[39] ECF Doc. No. 2  ¶ 23.

[40] *Clark,* 228 F. App'x at 131.

[41] *Id.* (citing *Polk County*, 454 U.S. at 318) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

[42] *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).

[43] *Dennis v. City of Philadelphia*, 379 F. Supp. 3d 420, 432 (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)).

[44] 42 Pa. Cons. Stat. § 5524(2).

[45] *Robinson v. Cty. of Allegheny*, 404 F. App'x 670, 673 (3d Cir. 2010) (citing *Heck*, 512 U.S. at 482)).

[46] *Id.* (quoting *Heck*, 512 U.S. at 489-90).